IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

VS.                                              CRIM. NO. 4:14-CR-00141-GHD-SAA

FRANK GEORGE OWENS, JR.
a/k/a "State Raised",
PERRY WAYNE MASK, and
ERIC GLENN PARKER

### GOVERNMENT'S MOTION IN LIMINE IN REGARD TO THE ADMISSIBLIITY OF ERIC PARKER'S RECORDED STATEMENT

The United States, by and through its counsel, Ms. Felicia C. Adams, United States Attorney for the Northern District of Mississippi, and undersigned counsel submit this Motion in regard to the admissibility of defendant Eric Parker's recorded statements made in connection with a January 27, 2012 proffer agreement with the District Attorney's Office. The government raises this issue via a motion *in limine* to provide the Court and defense counsel with the relevant law and the government's position to minimize trial delay. In support thereof, the government would respectfully show the following:

### BACKGROUND

On January 27, 2012, Parker, in the presence of his counsel, was interviewed by law enforcement officers with regard to the murder of Michael Hudson. The interview was captured on video and was conducted pursuant to a proffer agreement (the "Proffer Agreement"), which was signed by Parker, his attorney, as well as the District Attorney's Office for the Twelfth Circuit Court District, attached hereto as Exhibit A.

The Proffer Agreement contained a provision that "No statement made or other information provided by you or your client during this proffer discussion will be offered in the State's case-in-chief in any criminal prosecution of your client." Proffer Agreement, p. 1. The Proffer Agreement contained two primary waivers to the above prohibition. The first was "If your client [Parker] knowingly makes a false statement or if the statement is not substantially accurate and complete, the representations made in this letter are null and void." Proffer Agreement, p.1. The second read as follows:

> "Your client understands that he will be expected to testify truthfully and consistently with any proffer given. If your client is a witness at a trial in this case, or in a related matter, the State may use your client's statements and all evidence obtained directly or indirectly therefrom for the purposes of cross-examination, rebuttal, or impeachment..." Proffer Agreement, pp. 1-2.

During the course of the proffer interview, Parker gave a detailed account of the murder of Michael Hudson, as well as his affiliation with the Mississippi Aryan Brotherhood. The government has attached a copy of the video interview of Parker as Exhibit B.

The government will seek to use Parker's statements should Parker elects to testify contrary to these statements at trial, or if his counsel presents "any evidence or arguments" inconsistent with Parker's admissions.

## ARGUMENT

Agreements made between defendants and state agents cannot be enforced against the United States because state agents are without authority to bind federal proceedings. See Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000) citing to Hendrix v. Norris, 81 F.3d 805, 807 (8th Cir. 1996) ("State prosecutors cannot bind federal prosecutors without the latter's knowledge and consent."); See also United States v. Sparks, 87 F.3d 276, 279 (9th Cir. 1996) (holding that state prosecutors' agreements with defendant are not binding on federal

prosecutors); United States v. Fuzer, 18 F.3d 517, 520-21 (7th Cir. 1994) (same); see also United States v. Williams, 780 F.2d 802 (9th Cir. 1986) (promise made by government employee other than United States Attorney to recommend dismiss of indictment cannot bind the United States Attorney).

However, in an abundance of caution, the government agrees not to introduce the defendant's January 27, 2012 recorded statement in its case in chief. However, the government will seek to introduce the statement or portions thereof should Parker elect to testify contrary to the contents of the statement, or if Parker's counsel presents evidence or argument to the contrary of the statement, or if counsel's cross examination of any witness seeks to elicit contradictory testimony.

The Proffer Agreement is similar to those utilized in the federal system. If the defendant had made these statements pursuant to a proffer agreement between himself, his counsel and the Assistant United States Attorney, the statements would be governed by Fed. R. Evid. 410. However, the protections of Rule 410 can be waived by a defendant. See United States v. Mezzanatto, 513 U.S. 196, 205 (1995) (holding that Rule 410, in effect, creates a "'privilege of the defendant,' and, like other evidentiary privileges, this one may be waived or varied at the defendant's request"). The Proffer Agreement here contains a conditional waiver of the defendant's privilege under Rule 410, which is triggered if he testifies contrary to his proffer statements. See also United States v. Sylvester, 583 F.3d 285, 294 (5th Cir. 2009) (upholding that the defendant could waive the protections of Rule 410 by an agreement with the government, thus allowing use of the defendant's statements in the government's case in chief); see also United States v. Bloate, 534 F.3d 893 (8th Cir. 2008), reversed on other grounds, 130 S.Ct. 1345, 559 U.S. 196 (District court did not commit error in admitting defendant's proffered

3

statements, wherein defendant admitted possessing drugs and firearms in apartment, which was directly contradicted by testimony that apartment was not defendant's and access was open; although defendant claimed he only contested reasonable doubt, testimony attempted to prove that defendant did not possess items found within the apartment, which was materially different than what he admitted during proffer session); United States v. Dortch, 5 F.3d 1056 (7th Cir. 1993), certiorari denied 114 S.Ct. 1077, 510 U.S. 1121 (Government entitled to use defendant's proffer statements to impeach testimony of defense witness; defendant waived his rights, under rules relating to inadmissibility of statements made in course of plea discussions, when he signed proffer letter stating that only limitation on government's use of proffer statements was that government would not introduce statements during its case in chief, and stating that government could use proffer statements to rebut evidence or arguments materially different from proffer statements).

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should grant the government's motion *in limine* as outlined above.

                                                          Respectfully submitted,

                                                          FELICIA C. ADAMS
United States Attorney

/s/ Scott F. Leary
SCOTT F. LEARY
Assistant United States Attorney
900 Jefferson Ave.
Oxford, MS 38655
662-234-3351
MS Bar No. 8985

## **CERTIFICATE OF SERVICE**

      I, Scott F. Leary, hereby certify that on March 9, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Mr. Josh Turner
Counsel for Mr. Eric Parker

Mr. Andrew Sumerall
Counsel for Frank Owens, Jr.

Mr. Jay Perry
Counsel for Perry Mask

                                        Respectfully submitted,

                                        FELICIA C. ADAMS
                                        United States Attorney

                                        /s/ Scott F. Leary
                                        SCOTT F. LEARY
                                        Assistant United States Attorney